IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NetMonitor LLC, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. |
| | : | |
| Compuware Corporation, Hewlett-Packard Company, International Business Machines Corporation, and Tealeaf Technology, Inc., | : | JURY TRIAL DEMANDED |
| | : | |
|     Defendants. | : | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff NetMonitor LLC ("NetMonitor"), on personal knowledge as to its own acts, and on information and belief as to all others based on its investigation, alleges as follows:

### PARTIES

1. Plaintiff NetMonitor is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

2. Upon information and belief, defendant Compuware Corporation ("Compuware") is a corporation organized and existing under the laws of the State of Michigan, with its principal place of business at One Campus Martius, Detroit, Michigan, 48226-5099. Compuware is registered to do business in Delaware and has a registered agent for service located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Upon information and belief, defendant Hewlett-Packard Company ("HP") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304. HP is registered to do

business in Delaware and has a registered agent for service located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.  Upon information and belief, defendant International Business Machines Corporation ("IBM") is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 1 New Orchard Road, Armonk, New York 10504. IBM is registered to do business in Delaware and has a registered agent for service located at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

5.  Upon information and belief, defendant Tealeaf Technology, Inc. ("Tealeaf") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 45 Fremont Street, Suite 1450, San Francisco, California 94105. Tealeaf is registered to do business in Delaware and has a registered agent for service located at Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.

## JURISDICTION

6.  This is an action for patent infringement under the United States patent laws, 35 U.S.C. § 271, et seq. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7.  Upon information and belief, this Court has personal jurisdiction over Compuware, HP, IBM, and Tealeaf because Compuware, HP, IBM, and Tealeaf have established minimum contacts with the forum. HP and Tealeaf are corporations organized and existing under the laws of the State of Delaware. Compuware is a corporation organized and existing under the laws of the State of Michigan. IBM is a corporation organized and existing under the

2

laws of the State of New York. Compuware, HP, IBM, and Tealeaf have placed and continue to place products used to practice NetMonitor's patented methods (identified below) into the stream of commerce, which stream is directed at this district, and know or should know that such products are used throughout the United States, including in this district.

8. Upon information and belief, Compuware, HP, IBM, and Tealeaf each are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the Delaware long-arm statute, 10 Del. C. § 3104 and Fed. R. Civ. P. 4(e).

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C.§§ 1391(b) and (c), and § 1400(b).

## GENERAL ALLEGATIONS

10. NetMonitor has by exclusive license all substantial rights, including the right to sue and collect for past and present infringement, in and to United States Patent No. 5,781,735 ("the '735 patent") entitled "Method For Monitoring And Managing Operational Characteristics Of Workstations On A Network Without User Network Impact," which duly and legally issued on July 14, 1998. The '735 patent is presumed to be, and is, valid and enforceable. The defendants are not licensed under the '735 patent. A copy of the '735 patent is attached hereto as Exhibit A.

11. Upon information and belief, Compuware has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '735 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to practicing one or more of the claimed methods (including but not limited to claim 1), inducing others to practice one or more

3

of the claimed methods (including but not limited to claim 1), and/or contributing to another's practice of one or more of the claimed methods (including but not limited to claim1) in this District and elsewhere in the United States, by means of at least Compuware's Vantage product.

12. Upon information and belief, HP has infringed, contributorily infringed, and/or induced others to infringe, and is continuing to infringe, contributorily infringe and/or induce others to infringe, one or more claims of the '735 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to practicing one or more of the claimed methods (including but not limited to claim 1), inducing others to practice one or more of the claimed methods (including but not limited to claim 1), and/or contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1) in this District and elsewhere in the United States, by means of at least the HP Business Availability Center product and the HP Real User Monitor product.

13. Upon information and belief, IBM has infringed and is continuing to infringe, and, at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '735 patent by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not limited to practicing one or more of the claimed methods (including but not limited to claim 1), inducing others to practice one or more of the claimed methods (including but not limited to claim 1), and/or contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1) in this District and elsewhere in the United States, by means of at least the IBM Tivoli product.

14. Upon information and belief, Tealeaf has infringed and is continuing to infringe, and at least as early as upon notice of this Complaint, contributorily infringes and/or induces others to infringe, one or more claims of the '735 patent by engaging in acts constituting

infringement under 35 U.S.C. § 271, including but not limited to practicing one or more of the claimed methods (including but not limited to claim 1), inducing others to practice one or more of the claimed methods (including but not limited to claim 1), and/or contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1) in this District and elsewhere in the United States, by means of at least the Tealeaf CX product.

## COUNT I

### INFRINGEMENT OF THE '735 PATENT BY COMPUWARE

15. NetMonitor realleges and incorporates by reference the allegations set forth in paragraphs 1-14 above.

16. Upon information and belief, Compuware has infringed and is continuing to infringe one or more claims of the '735 patent in this District and elsewhere by practicing one or more of the claimed methods (including but not limited to claim 1), by means of at least Compuware's Vantage product.

17. Upon information and belief, at least as early as upon notice of the Complaint, Compuware is contributing to the infringement of the '735 patent by others in this District and elsewhere in the United States by contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by activities of the end users of at least Compuware's Vantage product.

18. Upon information and belief, at least as early as upon notice of the Complaint, Compuware is inducing the infringement of the '735 patent by others in this district and elsewhere in the United States by inducing others to practice one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by the activities of the end users of at least Compuware's Vantage product.

19. Upon information and belief, at least as early as upon notice of the Complaint, Compuware, in its practicing one or more of the claimed methods of the '735 patent, its inducing others to practice one or more of the claimed methods of the '735 patent, and/or its contributing to another's practice one or more of the claimed methods of the '735 patent (including but not limited to claim 1), is acting despite an objectively high likelihood that its actions constitute infringement of the '735 patent. Thus, at least Compuware's ongoing infringement of the '735 patent after notice of this Complaint is willful.

20. Upon information and belief, Compuware's infringement of the '735 patent will continue unless enjoined by this Court.

21. As a direct and proximate consequence of Compuware's infringement of the '735 patent, NetMonitor has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which NetMonitor is entitled to relief.

22. Upon information and belief, at least as early as upon notice of the Complaint, Compuware's infringement of the '735 patent is exceptional and entitles NetMonitor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

### INFRINGEMENT OF THE '735 PATENT BY HP

23. NetMonitor realleges and incorporates by reference the allegations set forth in paragraphs 1-22 above.

24. Upon information and belief, HP has infringed, and currently is infringing, at least Claim 1 of the '735 patent by practicing one or more of the claimed methods (including but not limited to claim 1), by means of at least the HP Business Availability Center product and the HP Real User Monitor product.

25. Upon information and belief, HP has contributed and is contributing to the infringement of the '735 patent by others in this District and elsewhere in the United States by contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by activities of the end users of at least the HP Business Availability Center product and the HP Real User Monitor product.

26. Upon information and belief, HP has induced and is inducing the infringement of the '735 patent by others in this district and elsewhere in the United States by inducing others to practice one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by the activities of the end users of at least the HP Business Availability Center product and the HP Real User Monitor product.

27. Upon information and belief, HP, in its practicing one or more of the claimed methods of the '735 patent, its inducing of others to practice one or more of the claimed methods of the '735 patent, and/or its contributing to another's practice of one or more of the claimed methods of the '735 patent (including but not limited to claim 1), acted despite an objectively high likelihood that its actions constituted infringement of the '735 patent. Thus, HP's infringement of the '735 patent has been and is willful.

28. Upon information and belief, HP's infringement of the '735 patent will continue unless enjoined by this Court.

29. As a direct and proximate consequence of HP's infringement of the '735 patent, NetMonitor has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which NetMonitor is entitled to relief.

30. Upon information and belief, HP's infringement of the '735 patent is exceptional and entitles NetMonitor to attorneys' fees and costs incurred in prosecuting this action under 35

U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF THE '735 PATENT BY IBM

31. NetMonitor realleges and incorporates by reference the allegations set forth in paragraphs 1-30 above.

32. Upon information and belief, IBM has infringed and is continuing to infringe one or more claims of the '735 patent in this District and elsewhere in the United States by practicing one or more of the claimed methods (including but not limited to claim 1), by means of at least the IBM Tivoli product.

33. Upon information and belief, at least as early as upon notice of the Complaint, IBM is contributing to the infringement of the '735 patent by others in this District and elsewhere in the United States by contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by activities of the end users of at least the IBM Tivoli product.

34. Upon information and belief, at least as early as upon notice of the Complaint, IBM is inducing the infringement of the '735 patent by others in this district and elsewhere in the United States by inducing others to practice one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by activities of the end users of at least the IBM Tivoli product.

35. Upon information and belief, at least as early as upon notice of the Complaint, IBM, in its practicing one or more of the claimed methods of the '735 patent, its inducing others to practice one or more of the claimed methods of the '735 patent, and/or its contributing to another's practice one or more of the claimed methods of the '735 patent, is acting despite an

objectively high likelihood that its actions constitute infringement of the '735 patent. Thus, at least IBM's ongoing infringement of the '735 patent after notice of this Complaint is willful.

36. Upon information and belief, IBM's infringement of the '735 patent will continue unless enjoined by this Court.

37. As a direct and proximate consequence of IBM's infringement of the '735 patent, NetMonitor has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which NetMonitor is entitled to relief.

38. Upon information and belief, at least as early as upon notice of the Complaint, IBM's infringement of the '735 patent is exceptional and entitles NetMonitor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

### INFRINGEMENT OF THE '735 PATENT BY TEALEAF

39. NetMonitor realleges and incorporates by reference the allegations set forth in paragraphs 1-38 above.

40. Upon information and belief, Tealeaf has infringed and is continuing to infringe one or more claims of the '735 patent practicing one or more of the claimed methods (including but not limited to claim 1), by means of at least the Tealeaf CX product.

41. Upon information and belief, at least as early as upon notice of the Complaint, Tealeaf is contributing to the infringement of the '735 patent by others in this District and elsewhere in the United States by contributing to another's practice of one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by activities of the end users of at least the Tealeaf CX product.

42. Upon information and belief, at least as early as upon notice of the Complaint,

Tealeaf is inducing the infringement of the '735 patent by others in this district and elsewhere in the United States by inducing others to practice one or more of the claimed methods (including but not limited to claim 1). The direct infringement occurs by the activities of the end users of at least the Tealeaf CX product.

43. Upon information and belief, at least as early as upon notice of the Complaint, Tealeaf, in its practicing one or more of the claimed methods of the '735 patent, its inducing others to practice one or more of the claimed methods of the '735 patent, and/or its contributing to another's practice one or more of the claimed methods of the '735 patent (including but not limited to claim 1), is acting despite an objectively high likelihood that its actions constitute infringement of the '735 patent. Thus, at least Tealeaf's ongoing infringement of the '735 patent after notice of this Complaint is willful.

44. Upon information and belief, Tealeaf's infringement of the '735 patent will continue unless enjoined by this Court.

45. As a direct and proximate consequence of Tealeaf's infringement of the '735 patent, NetMonitor has suffered and will continue to suffer irreparable injury and damages, in an amount to be determined at trial, for which NetMonitor is entitled to relief.

46. Upon information and belief, at least as early as upon notice of the Complaint, Tealeaf's infringement of the '735 patent is exceptional and entitles NetMonitor to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

Wherefore, NetMonitor requests entry of judgment and other relief in its favor and against Compuware, HP, IBM, and Tealeaf as follows:

A. Enter judgment that Compuware has infringed and continues to infringe the '735 patent;

B. Enter judgment that HP has infringed and continues to infringe the '735 patent;

C. Enter judgment that IBM has infringed and continues to infringe the '735 patent;

D. Enter judgment that Tealeaf has infringed and continues to infringe the '735 patent;

E. Enter judgment that the '735 patent is valid and enforceable;

F. Enter a preliminary and permanent injunction restraining and enjoining each of Compuware, HP, IBM, and Tealeaf, and their respective officers, agents, servants, employees, attorneys, and any persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products identified above;

G. Award NetMonitor, pursuant to 35 U.S.C. § 284, damages to compensate it for Compuware's, HP's, IBM's, and Tealeaf's infringement of the '735 patent, in no event less than a reasonable royalty for the use made of the claimed inventions by Compuware, HP, IBM, and Tealeaf;

H. Award NetMonitor, pursuant to 35 U.S.C. § 284, up to treble damages;

I. Award NetMonitor, pursuant to 35 U.S.C. § 284, pre-judgment and post-judgment interest and costs;

J. Award NetMonitor, pursuant to 35 U.S.C. § 285, its reasonable attorneys' fees; and

K. Award NetMonitor such other and further relief as the Court may deem just, proper, and equitable.

## **DEMAND FOR JURY TRIAL**

NetMonitor respectfully demands a trial by jury on all claims and issues so triable.

PROCTOR HEYMAN LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
1116 West Street
Wilmington, Delaware 19801
(302) 472-7300
nbelgam@proctorheyman.com
*Attorneys for Plaintiff NetMonitor LLC*

OF COUNSEL

Philip J. Graves
John R. Walton
Greer N. Shaw
Marjorie A. Witter
GRAVES & WALTON LLP
12121 Wilshire Blvd, Suite 775
Los Angeles, California 90025
(310) 295-6500
pgraves@graveswalton.com
jwalton@graveswalton.com
gshaw@graveswalton.com
mwitter@graveswalton.com
*Attorneys for Plaintiff NetMonitor LLC*

December 7, 2010